**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-14107
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

KENTRAVIOUS MONTRELL WARE,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:24-cr-00007-LAG-TQL-1
_____

Before JORDAN, BRANCH, and KIDD, Circuit Judges.

PER CURIAM:

Kentravious Ware appeals his 30-month sentence imposed after he pleaded guilty to possession of a firearm by a convicted felon. He argues that the sentence, which was an upward variance

from the applicable guidelines range, is substantively unreasonable. After review, we affirm.

## I. Background

In 2024, a federal grand jury indicted Ware on one count of possession of a firearm by a convicted felon. Ware entered an open plea of guilty.

Prior to sentencing, the United States Probation Office prepared a presentence investigation report ("PSI"). The PSI described the facts of the case as follows.[1] In July 2023, Ware got into a dispute inside a convenience store with another male customer who "bumped into him and started to argue with him." Ware, who was the aggressor, pulled out a gun and pointed it at the other male during the argument. Video footage of the incident showed that Ware got in the other male's face with the gun and pointed it at the man's head. Later, Ware "[was] observed walking back and forth towards the black male, while waiving the handgun." Ware made various aggressive statements during this encounter, including "I wanna kill you right now"; "there goes my flag boy, I'm finna burn your ass boy"; "I'm gonna blow your ass boy"; and "I don't even wanna let you leave the store." During this time, there were other people in the store who also could have been shot if Ware had fired the gun. Eventually, Ware put the gun back in his waistband and left the store.

---

[1] Ware did not raise any objections to the PSI.

Ware had at least two prior felony convictions in Georgia—one for possession with intent to distribute marijuana (more than one ounce) and one for receiving stolen property. Ware also had a number of misdemeanor convictions for possession of marijuana (less than an ounce); obstruction of law enforcement officers; several driving-related offenses; several convictions for criminal trespass; and battery (family violence).[2] Ware's three convictions for criminal trespass all involved Ware's actions between November 2011 and October 2012 in unlawfully entering a woman's home by kicking in her door and breaking in through a window when she would not let him enter her home. And the battery (family violence) conviction involved Ware "caus[ing] visible bodily harm to [T.M.]" a person he lived with or had previously lived with.

Based on an offense level of 12 and a criminal history category of II, Ware's advisory guidelines range was 12 to 18 months' imprisonment. The statutory maximum term of imprisonment was 15 years. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(8). The probation office indicated that the nature and circumstances of the offense might warrant an upward variance. Ware did not raise any objections to the PSI.

At sentencing, the district court adopted the PSI. The government then played the video footage of the incident for the court and emphasized Ware's "wild behavior" in pointing his gun

---

[2] Most of Ware's misdemeanor convictions did not score any criminal history points.

at the other man's head "multiple times" while other customers and store employees were in the store "all because [the other man] got too close to [Ware] at the cash register." The government also argued that Ware's criminal trespass convictions in which he harassed a woman for over a year and repeatedly broke into her home and his battery conviction for assaulting a woman he lived with demonstrated that he had a "propensity for violence." The government argued that an upward variance sentence of 36 months' imprisonment was appropriate in light of the relevant 18 U.S.C. § 3553(a) sentencing factors.

Ware's counsel explained that Ware's brother had been shot and killed a year prior and, as a result, Ware had a "heightened sense of fear," which is why he had the gun for protection. His counsel argued that the other male in the store "started stuff" with Ware, and Ware felt threatened and pulled out the gun. He emphasized that Ware regretted his actions, admitted his conduct, and cooperated with police. His counsel acknowledged that Ware knew that he could not have a gun and that he needed to work to overcome his fears related to his brother's death. Finally, his counsel stated that Ware hoped to earn mechanic-related certifications while in prison so that he could have a good career upon his release. Ware then made a statement to the court explaining that he would never carry a gun again.

The district court varied upward from the advisory guidelines range and imposed a 30-month sentence to be followed by 3 years' supervised release. The district court explained that it

had considered the guidelines range and the § 3553(a) factors and determined that an upward variance was warranted based on the nature and circumstances of the offense, Ware's criminal history and characteristics, and the need to protect the community. Specifically, the district court explained that it took "gun crimes very seriously" and that Ware's crime was "very concerning" because not only was Ware not supposed to possess a gun as a felon, but he "had a gun when [he was] emotionally unstable." The district court characterized the video of the incident as "frightening" and emphasized that Ware's behavior at the store that day "was out of bounds." The district court pointed out that there were at least three other persons in the store that could have been seriously hurt if Ware had fired shots. Turning to Ware's criminal history, the district court acknowledged that he did not have a history of gun violence. Nevertheless, the court explained that it could not overlook that Ware had a decade-long history of physical violence, especially when angry, which when combined with guns could be "extremely dangerous." And the court noted that Ware's history of violence preceded his brother's death, and Ware had opportunities to seek help for his anger issues, but he had "elected not to do that." Ware objected to the procedural and substantive reasonableness of the sentence. This appeal followed.

## II.    Discussion

Ware argues that his 30-month sentence represents an "extreme" upward variance of almost "150%" from the guidelines range of 12 to 18 months and is greater than necessary to satisfy the

6                           Opinion of the Court                        24-14107

purposes of the § 3553(a) sentencing factors.[3]   He maintains that the underlying offense was an "isolated offense" as evidenced by his lack of history of firearm offenses and the fact that he took responsibility and pleaded guilty quickly, such that the nature and circumstances of the offense, his personal history and characteristics, and the need to protect the public did not warrant the variance.  Finally, he asserts in passing that the upward variance "creates unwarranted sentencing disparities."

We review the substantive reasonableness of a sentence under a deferential abuse of discretion standard, asking whether the sentence is reasonable in light of the totality of the circumstances.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  A district court "imposes a substantively unreasonable sentence only

---

[3] We note that Ware's position that his 30-month sentence is an upward variance of 150% from the guidelines range is only accurate if the variance is measured from the bottom of the guidelines range of 12 months.  If  the upward variance is measured from the high end of the guidelines range of 18 months, then the variance is in fact much less than 150%.  In any event, the Supreme Court has rejected employing a "mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence."  *Gall v. United States*, 552 U.S. 38, 47 (2007).  Such mathematical approaches are flawed because "deviations from the [g]uidelines range will always appear more extreme—in percentage terms—when[, as here,] the range itself is low."  *Id.* at 47–48.  In sum, "there is no proportionality principle in sentencing."  *United States v. Irey*, 612 F.3d 1160, 1196 (11th Cir. 2010) (en banc).  Rather, the chosen sentence must simply be supported by sufficiently compelling justifications to support the variance.  *Id.*  As we discuss further in this opinion, Ware's sentence is supported by such justifications.

when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (quotations omitted). "A district court commits a clear error of judgment when it weighs the § 3553(a) sentencing factors unreasonably." *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022). The burden rests on the party challenging the sentence to show "that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *Rosales-Bruno*, 789 F.3d at 1256.

The district court must issue a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of § 3553(a)(2), which include the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future criminal conduct. 18 U.S.C. § 3553(a)(2). In determining the appropriate sentence, the district court must also consider the "nature and circumstances of the offense and the history and characteristics of the defendant"; the guidelines range; the "kinds of sentences available"; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution." *Id.* § 3553(a)(1), (3)–(4), (6)–(7). When evaluating the history and characteristics of the defendant, a court may properly consider a defendant's previous offenses, even where those

offenses are already part of the calculation of his guidelines range. *See United States v. Williams*, 526 F.3d 1312, 1324 (11th Cir. 2008).

The weight given to a particular § 3553(a) factor "is committed to the sound discretion of the district court," and it need not give "equal weight" to the § 3553(a) factors. *Rosales-Bruno*, 789 F.3d at 1254 (quotation omitted). "We will not second guess the weight given to a § 3553(a) factor so long as the sentence is reasonable under the circumstances." *Butler*, 39 F.4th at 1355.

"Upward variances are imposed based upon the § 3553(a) factors." *Id.* No presumption of reasonableness or unreasonableness applies to a sentence that lies outside the advisory guidelines range. *Id.* "When imposing a variance, a district judge must give serious consideration to the extent of any departure from the [g]uidelines and must explain her conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications." *Id.* (alteration adopted) (quotations omitted). In reviewing the reasonableness of such a sentence, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51.

We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable

24-14107                Opinion of the Court                9

sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotations omitted).

Here, the district court did not abuse its discretion in varying upward from the applicable guidelines range of 12 to 18 months' imprisonment and imposing a sentence of 30 months' imprisonment. The district court explained that an upward variance was appropriate because of the nature and circumstances of the offense, Ware's criminal history and characteristics (namely, his propensity for violence), and the need to protect the public from Ware's future criminal conduct. Ware's argument that the district court placed too much weight on his criminal history and failed to account for his lack of firearms offenses is unpersuasive. The district court expressly acknowledged that Ware did not have a history of gun violence. However, the district court concluded that Ware's lack of a history of gun violence could not overcome the seriousness of the nature and circumstances of the offense and the fact that Ware had a concerning history of physical violence when angry. "Courts have broad leeway in deciding how much weight to give to prior crimes the defendant has committed, and [p]lacing substantial weight on a defendant's criminal record is entirely consistent with § 3553(a) because five of the factors it requires a court to consider are related to criminal history." *United States v. Riley*, 995 F.3d 1272, 1279 (11th Cir. 2021) (alteration in original) (quotations and citation omitted); *see also Butler*, 39 F.4th at 1355 (explaining that "a court may also impose an upward variance if it concludes that the [g]uidelines range was insufficient in light of a defendant's criminal history"). The district court acted

within its discretion in giving more weight to certain sentencing factors over others and provided sufficient justifications for the variance. *See Rosales-Bruno*, 789 F.3d at 1254. Although Ware quarrels with how the district court weighed the relevant § 3553(a) factors, "[w]e will not second guess the weight" the district court gave the § 3553(a) factors.[4] *Butler*, 39 F.4th at 1355.

Finally, we note that Ware's 30-month sentence is well below the statutory maximum of 15 years' imprisonment, which is another indicator of reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (explaining that a sentence that is below the statutory maximum is an indicator of reasonableness). Accordingly, we are not "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (en banc) (quotations omitted). Consequently, we conclude that Ware's sentence is substantively reasonable, and we affirm.

**AFFIRMED.**

---

[4] Although Ware makes a passing assertion that the upward variance he received created unwarranted sentencing disparities, he has failed to carry his burden to demonstrate any sentencing disparity exists because he has failed to point to any similarly situated defendant who received a lesser sentence for a similar offense. *See United States v. Azmat*, 805 F.3d 1018, 1048 (11th Cir. 2015) (explaining that for a sentencing disparity claim the defendant must point to a similarly situated defendant who received a lesser sentence).